Nos. 76,508
76,509

STATE OF KANSAS, *Appellant*, v. JASON ANTHONY CRANK,
*Appellee*, and ALAN EUGENE PILCHER, *Appellee*.

(939 P.2d 890)

Opinion filed
May 30, 1997.

*Thomas R. Stanton*, assistant county attorney, argued the cause, and *Julie Mc-Kenna*, county attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for appellant.

*James L. Sweet*, of Sweet & Sheahon, of Salina, argued the cause and was on the brief for appellees.

The opinion of the court was delivered by

LARSON, J.: This consolidated appeal involves the interpretation of a new criminal drug statute which replaced a prior statute. In separate criminal actions, Jason Anthony Crank and Alan Eugene Pilcher, who both had previous convictions for possession of marijuana, were charged with felony possession of marijuana under K.S.A. 1996 Supp. 65-4162(a). However, their earlier convictions were both under amended versions of K.S.A. 65-4127b(a).

The trial court ruled in both cases that a prior conviction of possession of marijuana under 65-4127b does not constitute "a prior conviction under this section" for purposes of K.S.A. 1996 Supp. 65-4162(a) so as to enhance a possession of marijuana charge from a misdemeanor to a felony. The State appealed this determination pursuant to K.S.A. 22-3602(b). We reverse.

## Factual Background

The State filed a complaint against Crank on January 9, 1996, in Saline County District Court alleging misdemeanor charges of possession of marijuana. The State later amended the complaint to charge Crank with felony possession of marijuana due to a prior conviction for possession of marijuana under K.S.A. 1993 Supp. 65-4127b.

At the preliminary hearing, the propriety of enhancing the severity level of the crime was raised. The court took under advisement the question of whether Crank should be bound over on felony charges when his prior conviction under 65-4127b occurred before the adoption of the present statute, K.S.A. 1996 Supp. 65-4162.

The court later ruled the plain and ordinary meaning of "prior conviction under this section" in 65-4162(a) refers only to 65-4162 and if the legislature had intended to mean prior similar statutes, it could and should have said so. Lacking a prior conviction, the court found no probable cause to bind Crank over on a felony charge under 65-4162(a).

The State also charged Pilcher in Saline County District Court with felony possession of marijuana. The felony possession charge was based on a prior conviction for possession of marijuana under K.S.A. 1989 Supp. 65-4127b.

In a hearing before the same trial judge that heard the Crank case, it was again determined that a conviction under 65-4127b does not constitute a prior conviction for purposes of 65-4162(a). The court ruled the complaint failed to set forth a felony offense.

The State dismissed the other charges against both defendants and appealed to this court pursuant to K.S.A. 22-3602(b)(1), which allows the State to appeal from an order dismissing a complaint, information, or indictment. The two cases were consolidated on appeal.

## Arguments and Authorities

The issue in this case involves the interpretation of a statute, which is a question of law over which we have unlimited review. *State v. Bunker,* 260 Kan. 564, 565, 920 P.2d 403 (1996).

The defendants in the two cases argue that they could not be charged with a felony because their prior convictions were not "under this section" as required by K.S.A. 1996 Supp. 65-4162(a). Before addressing the merits of the defendants' contention, we first set forth our rules of statutory construction.

In *State v. Roderick*, 259 Kan. 107, 110, 911 P.2d 159 (1996), we said:

> "The general rule is that a criminal statute must be strictly construed in favor of the accused. Any reasonable doubt about the meaning is decided in favor of anyone subjected to the criminal statute. The rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent. [*State v.*] Cox, 258 Kan. 557, Syl. ¶ 7, [908 P.2d 603 (1995)]."

We also noted in *State Bd. of Nursing v. Ruebke*, 259 Kan. 599, 612, 913 P.2d 142 (1996):

> "Even where the rule of strict construction applies, it means only that ordinary words are given their ordinary meaning and that the statute should not be read to include more or less than that readily found within it. See *State v. Finley*, 199 Kan. 615, 617, 433 P.2d 414 (1967). . . .
>
> . . . .
>
> ". . . However, in construing statutes, '[s]tatutory words are presumed to have been and should be treated as consciously chosen and, with understanding of the ordinary and common meaning, intentionally used with the legislature having meant what it said.' *State Dept. of SRS v. Public Employee Relations Board*, 249 Kan. 163, 168, 815 P.2d 66 (1991)."

With these standards in mind, we next examine the legislative history of the criminal statute at issue. In its present form, K.S.A. 1996 Supp. 65-4162 provides:

> "**Unlawful acts relating to possession of depressants, stimulants or hallucinogenic drugs or other substances; penalties.** (a) Except as authorized by the uniform controlled substances act, it shall be unlawful for any person to possess or have under such person's control:
>
> . . . .
>
> (3) any hallucinogenic drug designated in subsection (d) of K.S.A. 65-4105 and amendments thereto . . . .
>
> . . . .
>
> "Except as otherwise provided, any person who violates this subsection shall be guilty of a class A nonperson misdemeanor. If any person has a prior conviction under this section or, a conviction for a substantially similar offense from another

jurisdiction or a conviction of a violation of an ordinance of any city or resolution of any county for a substantially similar offense if the substance involved was marijuana or tetrahydrocannabinol as designated in subsection (d) of K.S.A. 65-4105 and amendments thereto, then such person shall be guilty of a drug severity level 4 felony.

. . . .

"(d) The provisions of this section shall be part of and supplemental to the uniform controlled substances act."

Marijuana is listed under K.S.A. 1996 Supp. 65-4105(d)(16).

What is now K.S.A. 1996 Supp. 65-4162 was initially enacted in L. 1994, ch. 291, § 87, amended again in L. 1994, ch. 338, § 3, and again in L. 1995, ch. 218, § 2. This statute, along with K.S.A. 1996 Supp. 65-4163, titled "Unlawful acts relating to sale or distribution of depressants, stimulants or hallucinogenic drugs or other substances; penalties; acts within 1,000 feet of school property," replaced a prior statute, K.S.A. 1993 Supp. 65-4127b, "Unlawful acts regarding depressants, stimulants or hallucinogenic drugs or other substances; penalties; acts within 1,000 feet of school property." K.S.A. 1993 Supp. 65-4127b was repealed by the same act which enacted 65-4162 and 65-4163, L. 1994, ch. 291, § 93.

Also in that same act, the legislature replaced K.S.A. 1993 Supp. 65-4127a, "Unlawful acts regarding opiates, opium, narcotic drugs or designated stimulant; penalties; acts within 1,000 feet of school property," with what is now K.S.A. 1996 Supp. 65-4160 and K.S.A. 1996 Supp. 65-4161. L. 1994, ch. 291, §§ 85, 86, 93. All of this was apparently done to separate the crimes of possessing various controlled substances from the crimes of selling them.

The relevant portion of 65-4127b just prior to its repeal read as follows:

"(a) Except as authorized by the uniform controlled substances act, it shall be unlawful for any person to possess or have under such person's control:

. . . .

(3) any hallucinogenic drug designated in subsection (d) of K.S.A. 65-4105 and amendments thereto . . . .

. . . .

"Except as otherwise provided, any person who violates this subsection shall be guilty of a class A nonperson misdemeanor. If any person has a prior conviction under this section or a conviction for a substantially similar offense from another jurisdiction, then such person shall be guilty of a drug severity level 4 felony."

The current statute as first enacted in L. 1994, ch. 291, § 87 stated:

"(a) Except as authorized by the uniform controlled substances act, it shall be unlawful for any person to possess or have under such person's control:

. . . .

(3) any hallucinogenic drug designated in subsection (d) of K.S.A. 65-4105 and amendments thereto . . . .

. . . .

"Except as otherwise provided, any person who violates this subsection shall be guilty of a class A nonperson misdemeanor. If any person has a prior conviction under this section or a conviction for a substantially similar offense from another jurisdiction, then such person shall be guilty of a drug severity level 4 felony."

It is clear from the session laws that the portions of the statute relevant to this case remained unchanged from the language of 65-4127b. The other 1994 amendment to 65-4162 was unrelated to the provisions at issue in this case.

The 1995 amendment to 65-4162 added the following italicized language to the last paragraph of subsection (a):

"Except as otherwise provided, any person who violates this subsection shall be guilty of a class A nonperson misdemeanor. If any person has a prior conviction under this section ~~or~~, a conviction for a substantially similar offense from another jurisdiction *or a conviction of a violation of an ordinance of any city or resolution of any county for a substantially similar offense if the substance involved was marijuana or tetrahydrocannabinol as designated in subsection (d) of K.S.A. 65-4105 and amendments thereto,* then such person shall be guilty of a drug severity level 4 felony." L. 1995, ch. 218, § 2.

This amendment made it clear that the legislature intended to include substantially similar convictions involving marijuana or tetrahydrocannabinol for violations of municipal ordinances or county resolutions among the prior convictions which enhance a crime from a misdemeanor to a felony.

Without wording such as was added in the 1995 amendment, violations of city ordinances would not be considered to enhance drug charges against a criminal defendant. In *State v. Floyd*, 218 Kan. 764, 544 P.2d 1380 (1976), we questioned whether a conviction under a city ordinance for possession of marijuana would support a felony charge of possession of marijuana contrary to K.S.A. 1974 Supp. 65-4127b(a). We held: "In the absence of clear statu-

tory language a prior conviction under a city ordinance does not support a charge of a subsequent offense under a state statute." 218 Kan. 764, Syl. ¶ 2.

In *Floyd*, we found the rule of strict construction required us to reach this result, as the statute did not expressly provide that convictions under city ordinances could be used as prior convictions. We stated the rationale for the rule involved the wide variance in the provisions and scope of city ordinances, such that an offender could otherwise be charged with a felony under a state statute as a result of an act that was not prohibited by state law.

The defendants point out several cases where we have refused to allow violations of city ordinances to enhance charges or sentences, including *State v. Wood*, 231 Kan. 699, 647 P.2d 1327 (1982) (violations of city ordinances are not qualifying prior convictions under the habitual traffic violator statute, K.S.A. 1981 Supp. 8-285); *Floyd*, 218 Kan. 764, and *State v. Dunn*, 21 Kan. App. 2d 359, 900 P.2d 245 (1995) (K.S.A. 1993 Supp. 21-4710[d][7] does not authorize use of municipal conviction for stalking to enhance sentence for conviction of sale of cocaine).

These cases, however, are not particularly helpful in resolving the issue before us, as the rationale for not using municipal convictions to enhance a charge is not present here. This is because acts resulting in convictions under 65-4127b clearly were prohibited under state law. Furthermore, they are the same acts now prohibited under the current statute. Additionally, the legislature has specifically expressed an intent to allow all offenses of substantially similar character to enhance charges, even if the convictions resulted from violations of a city ordinance, county resolution, or substantially similar offense from another jurisdiction.

An issue parallelling the one before us has only been mentioned in one prior case, *State v. Unruh*, 259 Kan. 822, 915 P.2d 744 (1996). In *Unruh*, the district court vacated a plea agreement after finding that two prior convictions for the sale of methamphetamine under K.S.A. 1988 Supp. 65-4127b were not "prior conviction[s] under this section" which could enhance the severity level of a possession of methamphetamine charge under K.S.A. 1993 Supp. 65-4127a. Finding that the trial court's action was not an arrest of

judgment, we dismissed the State's appeal on jurisdictional grounds and did not discuss the merits.

We addressed a comparable question in *State v. Miles*, 233 Kan. 286, 662 P.2d 1227 (1983), where we held that a prior conviction from another state for a similar offense could be used to enhance the severity level of the crime under K.S.A. 65-4127a (Ensley 1980). The defendant had claimed that "only a prior conviction of the present Kansas [Uniform Controlled Substances] Act [could] be used to enhance the sentence set forth in K.S.A. 65-4127a for the present conviction." 233 Kan. at 296-97. At the time of the offense in *Miles*, K.S.A. 65-4127a (Ensley 1980) read:

> "Except as authorized by the uniform controlled substances act, it shall be unlawful for any person to manufacture, possess, have under his control, possess with intent to sell, sell, prescribe, administer, deliver, distribute, dispense or compound any opiates, opium or narcotic drugs. Any person who violates this section shall be guilty of a class C felony, except that, upon conviction for the second offense, such person shall be guilty of a class B felony, and upon conviction for a third or subsequent offense, such person shall be guilty of a class A felony, and the punishment shall be life imprisonment."

*Miles* refutes the defendants' position that "a prior conviction under this section" in K.S.A. 1996 Supp. 65-4162(a) must be read very narrowly under all circumstances. The same language at issue in our case, "this section," was present in 65-4127a. Yet, in *Miles*, we rejected a strict reading of the provision and found that a similar conviction from another state counted as a violation of "this section."

In our case, the defendants allege that only a prior conviction under the present section *number* constitutes "a prior conviction under this section." Just as we rejected a similar contention in *Miles*, we also reject the interpretation of K.S.A. 1996 Supp. 65-4162(a) that would require the statute to be read as "a prior conviction under this section number."

In reaching this result, we have examined legislative intent as expressed throughout the Uniform Controlled Substances Act, the Sentencing Guidelines Act, and records of the House and Senate Judiciary Committee sessions. The legislature has clearly expressed

an intent to use prior convictions to enhance the severity level of drug crimes. For example, K.S.A. 21-4708(b)(2) provides:

"No plea bargaining agreement may be entered into whereby the prosecutor agrees to decline to use a prior drug conviction of the defendant to elevate or enhance the severity level of a drug crime as provided in K.S.A. 65-4127a, 65-4127b and 65-4159 or K.S.A. 1995 Supp. 65-4160 through 65-4164 and amendments thereto, or agrees to exclude any prior conviction from the defendant's criminal history."

This provision and a similar provision in K.S.A. 21-4713(f) demonstrate the legislature's intent to continue using convictions under 65-4127a and 65-4127b to enhance the severity of similar subsequent drug crimes.

In addition, testimony in committee regarding the 1994 legislation indicates the "SB 835 amendments were technical in nature and that they reorganized and renumbered the sections and subsections to make them consistent." SB 835 was amended into HB 2332 and included the changes made to the Uniform Controlled Substances Act in 1994. Minutes of Senate Committee on Judiciary, March 23, 1994. An attachment to the committee minutes written by the Kansas Sentencing Commission provided:

"All of the provisions of Senate Bill 835 are purely technical in nature . . . .

"SB 835 contains no provisions of any substance. Instead it simply reorganizes and renumbers the sections and subsections of a number of crime statutes to make them consistent, to facilitate the determination of the severity level assigned to the crime and, as a side benefit, to facilitate the process of data entry of dispositional information by the Kansas sentencing commission, Kansas department of corrections, and the KBI. Otherwise, SB 835 assigns guidelines severity levels to several previously unranked, relatively obscure felonies." Minutes of Senate Committee on Judiciary, March 23, 1994, attachment 1.

This history demonstrates that the legislature did not intend to substantively change the prior convictions that could be used to enhance charges when it enacted the 1994 legislation.

Another indication of legislative intent is found in the committee meetings regarding the 1995 amendment, which allows municipal convictions to enhance criminal drug charges. Senator Bond stated, "[T]his bill would provide clear legislative intent to the court with regard to the treatment of prior marijuana convictions at city level,

providing consistency state wide to the treatment of the first offense." Minutes of the Senate Committee on Judiciary, February 24, 1995.

Mike Santos, Senior Assistant City Attorney of Overland Park, testified in favor of the amendment before the House Judiciary Committee and submitted a written statement, which declared:

"Law enforcement officials believe that the same act of possessing marijuana should not be treated differently based solely on whether the prior conviction for possession of marijuana occurred in municipal court or district court. It is the same act.

"Senate Bill 333 simply treats the act of possessing marijuana the same." Minutes of the House Committee on Judiciary, March 16, 1995, attachment 7.

From the legislative history available, it is clear the legislature intended to enhance the penalties for subsequent convictions for the same act. Here, it cannot be disputed that the criminal act remained the same after the 1994 repeal of 65-4127b and enactment of 65-4162. If the legislature's intent was to obtain consistent treatment of prior convictions for the same or similar acts, it makes little sense to exclude convictions under 65-4127b.

We have held that the legislature is presumed to intend that a statute be given a reasonable construction so as to avoid unreasonable or absurd results. *State v. Roudybush*, 235 Kan. 834, 846, 686 P.2d 100 (1984). To construe the statute as the defendant urges would lead to an absurd result. Under the defendants' construction, a conviction for possession of marijuana in Kansas could only be used to enhance a crime's severity level if it were listed under the same statute number, regardless of whether the prior crime was the same or substantially similar offense. However, a conviction for a substantially similar crime from another jurisdiction or from a city or county could always be used to enhance the severity level. This certainly would not conform to the clear intent of the legislature to enhance the penalties for subsequent drug convictions.

A natural reading of the statute could include prior section numbers if we read "a prior conviction under this section" as meaning the content of the section rather than the number of the section. Either reading of the statutory language is possible, but one pro-

motes the clear legislative intent to increase the punishment of repeat offenders and the other subverts this intent.

The rule of strict construction does not require us to read the language "a prior conviction under this section" in K.S.A. 1996 Supp. 65-4162(a) as meaning "a prior conviction under this section number." Rather, the rule must be deemed subordinate to the clear legislative intent of enhancing the severity level of a crime committed by one who has been previously convicted of a similar crime. Thus, we hold that "a prior conviction under this section," in accordance with legislative intent, means a prior conviction under the contents of the section, regardless of the section number.

Although we decide this case in the State's favor, the State had also alleged that the district court should not have addressed the matter of prior convictions until sentencing, as prior convictions are not elements of the crime. See *State v. Loudermilk*, 221 Kan. 157, 557 P.2d 1229 (1976). Under the present circumstances, we find that the district court properly considered the severity level of the crime at the preliminary hearing.

*Loudermilk* clearly indicates it is proper to allege the severity level of the crime charged in an indictment. 221 Kan. at 159. In addition, *State v. Floyd*, 218 Kan. 764, came before us in almost the same procedural posture as the cases in this appeal. The district court in *Floyd* found there was no probable cause to believe that the defendant had committed a felony possession of marijuana due to his prior city ordinance convictions. Similarly, in the two cases below, the district court found there was no probable cause to support felony charges of possession of marijuana on the basis of the prior convictions under 65-4127b. We did not question the timing of the district court's action in *Floyd,* nor do we here.

Reversed and remanded for further proceedings.