No. 79,510

STATE OF KANSAS, *Appellant,* v. ROY D. WOODLING, *Appellee.*

(957 P.2d 398)

Opinion filed April 17, 1998.

*Leo T. Gensweider,* county attorney, argued the cause, and *Carla J. Stovall,* attorney general, was with him on the briefs for appellant.

*Joseph P. Leon,* assistant appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, was with him on the brief for appellee.

The opinion of the court was delivered by

LARSON, J.: This is an attempted appeal by the State of Kansas from the trial court's order allowing Roy D. Woodling to withdraw his plea, setting aside his conviction for possession of metham-phetamine, and dismissing the case. We dismiss for lack of juris-diction.

Woodling was arrested for numerous traffic offenses on December 29, 1996, and evidence seized from his vehicle was sent to the KBI for analysis. Woodling was charged with six traffic offenses plus possession of marijuana and drug paraphernalia. Woodling entered an unwritten plea agreement in which he pled no contest to five of the traffic charges, and the other charges were dismissed. Woodling believed no additional charges stemming from the December 29 arrest would be filed.

Subsequently, the State filed a new case against Woodling, charging one count of possession of methamphetamine after obtaining results from the KBI finding trace amounts of the substance inside the drug paraphernalia. Woodling advised his newly appointed attorney that he believed the prior plea agreement had taken care of all charges resulting from the December 29 arrest. Woodling's attorney consulted with the county attorney, then informed Woodling that the prosecution was not barred. Subsequently, Woodling entered a plea of guilty and was convicted of the charge.

Prior to sentencing, Woodling filed a motion to withdraw his plea or set aside the conviction and to dismiss the case. After holding an evidentiary hearing, the trial court granted the motion, ruling the case was barred by the prior plea agreement, and dismissed the case with prejudice.

The State first filed a notice that it was asserting a right to reserve a question for possible appeal as to whether it was barred as a matter of law from filing the criminal charges in this case. The State then filed a timely notice of appeal to this court, citing K.S.A. 22-3602(b)(2) and (3) and stating the appeal was from an order arresting judgment and/or upon a question reserved by the prosecution. The notice of appeal did not set forth the questions reserved, but the docketing statement did designate the two issues the State has raised in this appeal: (1) Did Woodling's guilty plea constitute a waiver of his right to subsequently request the trial court to set aside his conviction? and (2) Did the prior plea agreement bar the State from filing additional charges?

Woodling responds by arguing that we should decline jurisdiction of this appeal. He claims that the trial court's order was not

an arrest of judgment and that there is no question of sufficient statewide importance to warrant our attention on a question reserved.

K.S.A. 22-3602(b) provides:

"Appeals to the supreme court may be taken by the prosecution from cases before a district judge as a matter of right in the following cases, and no others:
(1) From an order dismissing a complaint, information or indictment;
(2) from an order arresting judgment; [or]
(3) upon a question reserved by the prosecution."

The procedural requirements for an order arresting judgment are described in K.S.A. 22-3502:

"The court on motion of a defendant shall arrest judgment if the complaint, information or indictment does not charge a crime or if the court was without jurisdiction of the crime charged. The motion for arrest of judgment shall be made within 10 days after the verdict or finding of guilty, or after a plea of guilty or *nolo contendere*, or within such further time as the court may fix during the 10-day period."

Woodling relies on *State v. Puckett*, 227 Kan. 911, 912, 610 P.2d 637 (1980), to argue that the trial court's order was not an arrest of judgment. In *Puckett*, the trial court permitted a defendant to withdraw his plea of nolo contendere, and the case was set for trial. The State appealed, alleging the court had jurisdiction to review the order as either an arrest of judgment or a question reserved. We declared: "Clearly, the order permitting defendant to withdraw his *nolo contendere* pleas and setting the matter for jury trial is not an arrest of judgment pursuant to K.S.A. 22-3502." 227 Kan. at 912. As no final judgment had been entered in the case, we also held the appeal was interlocutory in character, such that the State could not appeal upon a question reserved, and dismissed the appeal.

The State responds by contending the order was an arrest of judgment because the trial court essentially ruled it was without jurisdiction due to the fact the State was prohibited from filing the case as a result of the prior plea agreement. The trial court, however, did not hold that it lacked jurisdiction. Additionally, the State provides no authority for the proposition that a court's decision that a prior plea agreement bars a subsequent prosecution is the

equivalent of a decision that the court lacks jurisdiction over the case.

Furthermore, in *State v. Unruh,* 259 Kan. 822, 915 P.2d 744 (1996), we rejected the State's attempt to perfect an appeal on the grounds that the trial court had issued an order arresting judgment. The trial court had vacated Unruh's plea, deciding that the evidence was not sufficient to support the crime charged and that the matter was jurisdictional. Finding the indictment had charged a crime over which the trial court had jurisdiction, we held the order which vacated Unruh's plea was not an arrest of judgment, notwithstanding the trial court's comment that the matter was jurisdictional. 259 Kan. at 824-25.

Clearly, the order of the trial court in our case allowing withdrawal of the plea and dismissing the case was not an order arresting judgment. The State cannot now claim that we have jurisdiction on the ground it is appealing an order dismissing the case, as this ground was not identified in the notice of appeal. "It is a fundamental proposition of Kansas appellate procedure that an appellate court obtains jurisdiction over the rulings identified in the notice of appeal." *State v. Kerby,* 259 Kan. 104, Syl. ¶ 2, 910 P.2d 836 (1996) (dismissing case for lack of jurisdiction as State had failed to amend notice of appeal to reflect it was appealing under K.S.A. 22-3602[b] rather than K.S.A. 22-3603). See *State v. Muck,* 262 Kan. 459, 463, 939 P.2d 896 (1997) (recognizing that State can elect to appeal under different subsections in order to acquire different rights upon a successful appeal); *State v. G.W.A.,* 258 Kan. 703, 705-07, 906 P.2d 657 (1995); *State v. Grant,* 19 Kan. App. 2d 686, 875 P.2d 986, *rev. denied* 255 Kan. 1005 (1994).

The remaining possible ground for jurisdiction over this appeal by the State is upon a question reserved. We have long held:

"Questions reserved by the State in a criminal prosecution, under K.S.A. 22-3602(b), will not be entertained on appeal merely to demonstrate whether error has been committed by the trial court . . . . Generally, this court has accepted appeals on questions reserved by the State where the appeals involve questions of statewide interest important to the correct and uniform administration of the criminal law and the interpretation of statutes." *State v. Leonard,* 248 Kan. 427, Syl. ¶ 3, 807 P.2d 81 (1991).

"We have uniformly declined to entertain questions reserved, the resolution of which would not provide helpful precedent." *State v. Mountjoy*, 257 Kan. 163, 168, 891 P.2d 376 (1995).

The State attempts to justify its appeal as being of statewide importance because it involves the question of whether a plea agreement may be deemed ambiguous if it is silent as to some issue, condition, or fact known to both sides. We answered a similar issue in *State v. Wills*, 244 Kan. 62, 765 P.2d 1114 (1988), where we held a plea agreement reasonably susceptible to different interpretations is ambiguous and must be strictly construed in favor of the defendant.

Woodling correctly points out that any decision we reach on this issue would be heavily based upon the unique facts of this case and of limited precedential value. Resolution of whether Woodling's prior plea agreement barred his subsequent prosecution on additional charges turns on several peculiar factual matters.

Namely, we would have to determine whether substantial evidence supports the trial court's findings regarding the express and implied terms of the original oral plea agreement and decide under the specific facts of this case if the trial court properly decided those terms were ambiguous and reasonably subject to Woodling's interpretation. It is clear the factual circumstances giving rise to the original plea were highly determinative of the construction and interpretation of the agreement, and such a factual situation is unlikely to be repeated or subject to easy comparison.

The issues sought to be raised here are fact-specific and not of statewide interest. See *State v. Leonard*, 248 Kan. at 432-33. We decline to accept jurisdiction over the questions the prosecution attempted to reserve.

Furthermore, in framing the issue which was considered below, the trial court specifically stated: "[T]he only issue is whether . . . the prosecution of the second case, the methamphetamine case that's before me today, was barred as a matter of law as arising out of the same circumstances as the original stop as were the other cases." Nowhere before the trial court did the State argue, as it now attempts to do on appeal, that Woodling's guilty plea consti-

tuted a waiver of his right to subsequently request the trial court to set aside his conviction.

Our rules are clear that "[a]n issue not presented to the trial court will not be considered for the first time on appeal." *State v. Alderson*, 260 Kan. 445, Syl. ¶ 7, 922 P.2d 435 (1996); see *State v. Sims*, 262 Kan. 165, 170, 936 P.2d 779 (1997). We will not consider this argument.

The appeal is dismissed.