NOT DESIGNATED FOR PUBLICATION

No. 113,296

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JULIAN MICHAEL KUSZMAUL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; BARBARA KAY HUFF, judge. Opinion filed March 25, 2016.
Affirmed.

*Thomas J. Bath* and *Tricia A. Bath*, of Bath & Edmonds, P.A., of Overland Park, for appellant.

*Andrew D. Bauch*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before PIERRON, P.J., BRUNS and GARDNER, JJ.

*Per Curiam*: Julian Michael Kuszmaul appeals the denial of his motion to dismiss all charges against him for a violation of his statutory right to a speedy trial. Kuszmaul asserts that judicial interpretations of Kansas law establish that interlocutory appeals filed by the State pursuant to K.S.A. 2015 Supp. 22-3603, contesting orders suppressing evidence, are not *authorized* by statute unless the State makes a showing of substantial impairment. He contends that because the State failed to address the issue of substantial impairment after the issue was briefed by Kuszmaul, the State has failed to make the requisite showing of substantial impairment. He alleges that since the State's appeal was

1

not authorized by statute, due to the State failing to argue the issue of substantial impairment, any time attributable to the State's interlocutory appeal should be charged against the State for purposes of determining Kuszmaul's statutory speedy trial rights.

We, however, affirm finding that under the applicable statutes the appeal was authorized even though not successful.

On August 26, 2012, Kuszmaul was operating a motor vehicle when he struck a vehicle that was illegally parked in the roadway and injured a pedestrian. Police at the scene stated that Kuszmaul smelled of alcohol and burnt marijuana, and his eyes were bloodshot and watery. Kuszmaul said he slammed on the breaks to avoid the collision, but no skid marks were observed on the roadway. An individual driving immediately behind Kuszmaul during the accident did not notice any weaving, drifting, or erratic driving.

Due to a miscommunication between law enforcement officers at the scene, no one asked Kuszmaul to submit to any standard field sobriety tests. Kuszmaul was transported to the hospital by law enforcement, where they requested he submit to a blood draw. Kuszmaul declined. Law enforcement then requested medical professionals take a sample of Kuszmaul's blood pursuant to K.S.A. 2015 Supp. 8-1001. Kuszmaul admitted to consuming two beers earlier in the night while eating supper, but he denied consuming any illegal drugs.

On January 2, 2013, Kuszmaul was formally charged with two misdemeanor counts, possession of marijuana and driving under the influence, along with one alternative and a traffic infraction of following too closely. He was ordered to appear by summons on February 5, 2013, and on that date he appeared, was arraigned, and pled not guilty to all charges. Kuszmaul was then released on a $1,500 own recognizance bond to appear on March 5, 2013, for trial.

On March 5, 2013, Kuszmaul requested the case be continued to April 23, 2013. On April 23, 2013, Kuszmaul requested the case be continued again until June 11, 2013, in order to file motions. On June 4, 2013, Kuszmaul filed a motion to suppress the warrantless blood draw. On June 7, 2013, Kuszmaul requested a continuance, and the suppression hearing was continued to July 23, 2013, with a trial date of September 4, 2013. On July 22, 2013, the State amended the complaint to add a fourth count, charging Kuszmaul with misdemeanor refusal to submit to testing. Also on July 22, 2013, the State responded to Kuszmaul's motion to suppress. On July 23, 2013, Kuszmaul requested another continuance to respond to the State's response; the trial court then set the deadline for all defense motions of August 6, 2013. On August 6, 2013, Kuszmaul filed a motion to dismiss the charge of refusal to submit to testing. On August 15, 2013, the State filed a response to this motion to dismiss, and on August 23, 2013, Kuszmaul filed a response to the State's reply regarding the motion to suppress the warrantless blood draw.

The blood draw issue was submitted to the district court on stipulated facts on August 27, 2013. On October 7, 2013, the district court issued a memorandum decision granting Kuszmaul's motion to suppress and denying his motion to dismiss the count of misdemeanor refusal to submit to testing. The district court set the matter for trial on October 22, 2013. On October 16, 2013, the State filed a timely notice of interlocutory appeal pursuant to K.S.A. 2015 Supp. 22-3603, regarding the suppression of the blood evidence. This appeal was docketed in the Court of Appeals on October 29, 2013.The district court canceled the October 22, 2013, trial on October 21, 2013.

On November 6, 2013, Kuszmaul filed a notice of cross-appeal, alleging the district court had erred in ruling K.S.A. 2015 Supp. 8-1025 (refusal to submit to testing) was constitutional.

On December 9, 2013, the State filed its brief relating to the interlocutory appeal regarding suppression of evidence. Kuszmaul's reply brief regarding the interlocutory appeal was due on January 13, 2014, on which date Kuszmaul requested a 30-day extension of time, stating that the reply brief was completed, but additional time was needed to file paper work for his cross-appeal. It was during this 30-day extension, on January 31, 2014, that Kuszmaul's cross-appeal was docketed with the Court of Appeals. On February 10, 2014, the Court of Appeals issued a show cause order, requiring the parties to respond to the court as to Kuszmaul's statutory authority for filing the cross-appeal. On February 12, 2014, Kuszmaul filed his reply brief to the State's interlocutory appeal. On March 3, 2014, the Court of Appeals dismissed Kuszmaul's cross-appeal. On March 20, 2014, the Court of Appeals set the matter for oral argument in regards to the State's interlocutory appeal, which was heard on May 20, 2014.

On June 27, 2014, the Court of Appeals issued its opinion dismissing the State's interlocutory appeal. The court stated it did not have jurisdiction to hear the interlocutory appeal because the State had not responded to Kuszmaul's brief, which challenged the court's jurisdiction over the interlocutory appeal. 2014 WL 3024242, at *3-4. The court pointed out that the State had failed to make any argument that the suppression of evidence impaired its case, even after Kuszmaul had raised the issue in his brief. 2014 WL 3024242, at *3-4. In dismissing the State's interlocutory appeal, the Court of Appeals cited to *State v. Newman*, 235 Kan. 29, 680 P.2d 257 (1984), stating that the State has the burden of showing a suppression order has substantially impaired its case, though the court made no mention of whether the State's appeal was authorized by statute. 2014 WL 3024242, at *3. The court found that the State's failure to address the issue of jurisdiction amounted to waiver or abandonment of the issue. 2014 WL 3024242, at *4. It was also determined that the record on appeal was so lacking that the court could not determine if the suppression of the blood-alcohol test substantially impaired the State's case. 2014 WL 3024242, at *3-4. On August 1, 2014, the mandate was returned to the district court.

4

On August 4, 2014, the district court filed notice of a hearing, directing the parties to appear on August 19, 2014. On August 19, 2014, the parties appeared before the court to set the case for trial on November 19, 2014. At this status conference on August 19, 2014, Kuszmaul requested time to file a motion to dismiss the case for a statutory speedy trial violation. The district court set the deadlines for briefs, and the hearing was set for October 14, 2014. On September 16, 2014, Kuszmaul filed his motion to dismiss for violation of his statutory right to a speedy trial. On October 14, 2014, the parties appeared for the motion to dismiss for a speedy trial violation and the court took the matter under advisement. On November 10, 2014, at a status conference, the court orally denied Kuszmaul's motion to dismiss for a speedy trial violation. On November 10, 2014 Kuszmaul waived his right to a jury trial and also waived his right to a speedy trial from November 10, 2014 until the scheduled bench trial. The court issued a memorandum opinion denying the dismissal for speedy trial violation on November 13, 2014. The court found the State had timely appealed pursuant to the authority granted in K.S.A. 2015 Supp. 22-3603 because evidence was suppressed and, thus, the time the interlocutory appeal was pending was tolled under K.S.A. 2015 Supp. 22-3604(2) for speedy trial purposes.

The matter proceeded to bench trial on December 10, 2014, at which time Kuszmaul was convicted on three counts and acquitted of the charge of following too closely. Kuszmaul was sentenced on January 22, 2015, to a controlling term of 24 months in jail, with work-release available after 10 days. Kuszmaul's motion for appeal bond was denied in part based on the district court's belief that he would not prevail on appeal. Kuszmaul has now timely appealed the denial of his motion to dismiss for violation of his statutory speedy trial rights.

Kuszmaul argues that despite the apparent plain language of K.S.A. 2015 Supp. 22-3603, an interlocutory appeal filed by the State challenging an order suppressing evidence is not authorized by statute for the purpose of tolling the statutory speedy trial

clock under K.S.A. 2015 Supp. 22-3604(2), unless the State has shown that the exclusion of that evidence substantially impairs the State's case.

Kuszmaul asserts the State's interlocutory appeal was dismissed for lack of jurisdiction because the State failed to argue the issue of substantial impairment. He contends that judicial interpretations of K.S.A. 2015 Supp. 22-3603 hold that the appeal was not authorized by statute and, therefore, the time the appeal was pending did not toll his statutory speedy trial clock. The State responds the denial of Kuszmaul's motion to dismiss was proper, as the State has a statutory right to file a good-faith interlocutory appeal under K.S.A. 2015 Supp. 22-3603 when the district court makes an order suppressing evidence and that time is tolled, for speedy trial purposes, while such an appeal is pending, pursuant to K.S.A. 2015 Supp. 22-3604(2).

In relevant part, Kansas statutory law states that a criminal defendant who has been released on an appearance bond must be brought to trial within 180 days of his or her arraignment, or the charges against him or her shall be dropped. K.S.A. 2015 Supp. 22-3402(b). However, any delay in trial caused by the defendant or a continuance will not count towards this 180-day time requirement. K.S.A. 2015 Supp. 22-3402(b). Additionally, K.S.A 2015 Supp. 22-3603 allows for the State to file an interlocutory appeal where prior to the beginning of a trial in a criminal action, a district court has made an order suppressing evidence as well as warrants and confessions. Delays in bringing the defendant to trial attributable to an interlocutory appeal by the State will not be counted towards this 180-day time requirement—the time the appeal is pending will toll the speedy trial clock—so long as the interlocutory appeal is authorized by statute. K.S.A. 2015 Supp. 22-3604(2).

As stated above, Kuszmaul argues that the State's interlocutory appeal was not authorized by statute. The State's right to appeal in a criminal case is purely statutory. An appellate court only has jurisdiction to entertain the State's appeal if it is taken within

6

time limitations and in the manner prescribed by the applicable statutes. *State v. Sales*, 290 Kan. 130, 134, 224 P.3d 546 (2010). K.S.A. 2015 Supp. 22-3603, the statute granting the State the right to file an interlocutory appeal, states:

> "When a judge of the district court, prior to the commencement of trial of a criminal action, makes an order quashing a warrant or a search warrant, suppressing evidence or suppressing a confession or admission an appeal may be taken by the prosecution from such order if notice of appeal is filed within 14 days after entry of the order. Further proceedings in the trial court shall be stayed pending determination of the appeal."

To this end, K.S.A. 2015 Supp. 22-3604(2) provides for the tolling of the statutory speedy trial clock during certain appeals taken by the State pursuant to K.S.A. 2015 Supp. 22-3603, stating:

> "The time during which an appeal by the prosecution is pending shall not be counted for the purpose of determining whether a defendant is entitled to discharge under K.S.A. 22-3402, and amendments thereto. For purposes of this section, 'an appeal by the prosecution' includes, but is not limited to . . . appeals *authorized* by K.S.A. 22-3603, and amendments thereto." (Emphasis added.)

Kuszmaul relies on three cases, *State v. Unruh*, 263 Kan. 185, 946 P.2d 1369 (1997), *State v. Jones*, 236 Kan. 427, 691 P.2d 35 (1984), and *State v. Newman*, 235 Kan. 29, 680 P.2d 257 (1984), to argue that interlocutory appeals contesting the suppression of evidence are not statutorily authorized when the State makes no showing of substantial impairment. The State responds by arguing that *Unruh*, *Jones,* and *Newman* are insufficient to support Kuszmaul's argument. Further, the State cites *State v. Mitchell*, 285 Kan. 1070, 179 P.3d 394 (2008), *State v. Brown*, 263 Kan. 759, 950 P.2d 1365 (1998), and *State v. Grimes*, 229 Kan. 143, 622 P.2d 143 (1981), to assert that the district court did not err in denying Kuszmaul's motion to dismiss.

7

Kuszmaul argues *Newman* is the judicially constructed definition of the parameters of interlocutory appeals under K.S.A. 2015 Supp. 22-3603, and under *Newman*, an interlocutory appeal contesting the suppression of evidence is not authorized by statute where the State does not make a showing of substantial impairment.

The State argues *Newman* holds that the appellate courts have discretion to take jurisdiction over interlocutory appeals involving suppression of evidence where the State's ability to prosecute is substantially impaired, as opposed to every single pretrial evidence rule. The State contends *Newman* does not hold that interlocutory appeals challenging the suppression of evidence are "statutorily unauthorized" simply because an appellate court declines to exercise jurisdiction over the matter due to a lack of showing substantial impairment.

Newman filed a successful motion to suppress his wife's testimony against him, leading to an interlocutory appeal by the State. On appeal, Newman argued the Kansas Supreme Court did not have jurisdiction to hear the interlocutory appeal because, under judicial interpretations of K.S.A. 22-3603 in place at that time, an appellate court could only hear interlocutory appeals regarding the suppression of evidence obtained through violation of the defendant's constitutional rights, as opposed to a violation of the statutory rules of evidence. In adopting a broader interpretation of K.S.A. 22-3603, the *Newman* court relied on Judicial Council comments on K.S.A. 22-3603, which stated that the intent of the section was to "permit appellate review of trial court rulings on pretrial motions which may be determinative of the case." 235 Kan. at 34-35.

The *Newman* court emphasized that appellate courts of Kansas "should not take jurisdiction . . . from every run-of-the-mill pretrial evidentiary ruling," rather, "[i]nterlocutory appeals are to be *permitted* only where the pretrial order suppressing or excluding evidence places the State in a position where its ability to prosecute the case is

8

substantially impaired." (Emphasis added.) 235 Kan. at 35. The court ended its interpretation of K.S.A. 22-3603 by stating that the prosecution should be prepared to make a showing that the pretrial order substantially impairs the State's ability to prosecute the case, and that such a showing may be required on order of the appellate court or when appellate jurisdiction of the interlocutory appeal is challenged by the defendant-appellee. 235 Kan. at 35. The *Newman* court took jurisdiction over the appeal. The State had asserted the suppressed evidence was essential to its case. 235 Kan. at 30-31, 35.

It is of note that the *Newman* court indicated the State may be required to show substantial impairment in two circumstances, either on order of the appellate court or when jurisdiction is challenged by the defendant-appellee. 235 Kan. at 35. The court did not address any exceptions wherein an interlocutory appeal would be permitted where the State did not show substantial impairment when requested, indicating that failure to make a showing of substantial impairment, for any reason, would result in an appeal not being *permitted*. See 235 Kan. at 35. The *Newman* court did not state that such an appeal would not be *authorized* by statute for the purposes of K.S.A. 22-3604(2); but an appeal should not be "permitted" without a showing of substantial impairment. 235 Kan. at 35. The use of the two different words seems to indicate different results.

Next, Kuszmaul relies on *State v. Jones*, 236 Kan. 427. He argues *Jones* indicates the Kansas Supreme Court sees substantial impairment as a statutory requirement for interlocutory appeals contesting the suppression of evidence. The State counters that *Jones* is distinguishable from the present situation. The State argues the appeal in *Jones* was deemed unauthorized by statute because the State had substantial evidence, other than the suppressed evidence, upon which it could prosecute the defendant. In the present case, the State alleges it had limited evidence, aside from the suppressed evidence, to use against Kuszmaul.

9

The *Jones* court held that the State did not have statutory authority under K.S.A. 22-3603 to appeal a pretrial evidentiary ruling suppressing evidence in a driving under the influence case. 236 Kan. at 427-28. The court determined the suppression of evidence showing the defendant refused to take a finger-to-nose test did not substantially impair the State's case where the State had results of a blood-alcohol test or evidence the defendant refused to take such a test, the defendant admitted to consuming alcohol prior to driving a vehicle, coupled with the defendant crashing into a guard rail. 236 Kan. at 427-28. The court determined that because the State had ample evidence for proceeding with the prosecution, the State had "no statutory authority to appeal" the district court's suppression order. 236 Kan. at 428. *Jones* was decided in the same year as *Newman*, and the court relied on its decision in *Newman* in reaching its result. *Jones*, 236 Kan. at 427. The issue of whether the interlocutory appeal filed by the State in *Jones* would toll the speedy trial clock under K.S.A. 22-3604(2) was never presented to the court.

In the instant case, the strength of the State's case appears not to be as strong as it was in *Jones.*

Last, Kuszmaul relies on *State v. Unruh*, 263 Kan. 185, for the proposition that whether the State recognizes its appeal lacks jurisdiction does not affect whether a defendant's speedy trial time is tolled. The State argues *Unruh* is distinguishable from the present case because in *Unruh*, the State filed an interlocutory appeal contesting the invalidation of a plea agreement, an appeal clearly not authorized by K.S.A. 22-3603.

Unruh had entered into a plea agreement relating to one count of possession of methamphetamine. The district court invalidated and vacated the agreement. The State filed an interlocutory appeal under K.S.A. 22-3603. The Supreme Court dismissed the appeal for lack of jurisdiction because K.S.A. 22-3603 only authorizes interlocutory appeals in certain circumstances, none of which concerned the invalidation of a plea agreement. 263 Kan. at 187.

10

Unruh was later convicted. He filed an appeal asserting his statutory right to a speedy trial had been violated because time was not tolled under K.S.A. 22-3604 during the State's unauthorized interlocutory appeal. The Supreme Court ultimately decided that Unruh's statutory right to a speedy trial had been violated because speedy trial time is not tolled while the State takes an appeal not authorized by statute. 263 Kan. at 190-91. The court stated that it lacked jurisdiction to hear the case because the State's appeal "did not fit any statutory category set forth by statute," making no reference to any disparate treatment of the categories listed in K.S.A. 22-3603. 263 Kan. at 190.

In closing, the *Unruh* court emphasized that nothing prevented the State from trying Unruh on the original charges once the plea agreement had been invalidated. The only reason the State attempted the interlocutory appeal was to avoid wasting time trying the case, and "considerations of expediency can have no weight in the face of the preemptory commands of the Kansas Constitution Bill of Rights and K.S.A. 22-3402(1)." 263 Kan. at 191.

*Unruh* is distinguishable from the current case. Here, the State's interlocutory appeal contested an order suppressing evidence, which fits into the plain language of the statutory categories contained in K.S.A. 2015 Supp. 22-3603 and is only an issue as a result of judicial interpretation of that statute. In *Unruh*, the appeal at issue did not fall within the plain language of any statutorily recognized category.

The underlying issue presented by the State was whether the district court erred in suppressing certain physical evidence. It was necessary for the State to show that the suppression substantially impaired its ability to prosecute the case to prevail on the appeal. But the failure to do so, though it doomed the appeal, did not cause the appeal to be unauthorized ab initio.

11

This appeal concerned the suppression of evidence which is among the subjects permitted for interlocutory appeal under K.S.A. 2015 Supp. 22-3603. Such an appeal is therefore authorized. Although the appeal was unsuccessful, it was authorized.

Since the appeal was authorized, the time which elapsed during its prosecution does not count against the 180-day time requirement and the speedy-trial days did not exceed the statutory limits.

We, therefore, affirm the district court's finding to that effect.

Affirmed.