(105 P.3d 727)
No. 91,765

CITY OF SHAWNEE, *Appellee*, v. DANIEL S. PATCH, *Appellant*.

Opinion filed February 11, 2005.

*Joseph L. Dioszeghy*, of Olathe, for appellant.

*Jackie Rokusek* and *Karen L. Torline*, assistant city attorneys, for appellee.

Before GREEN, P.J., PIERRON and MCANANY, JJ.

MCANANY, J.: Daniel S. Patch appeals from his convictions for driving under the influence of alcohol, exhibition of acceleration, and failure to stop at a stop sign. Because the City of Shawnee (City) violated the speedy trial requirements of K.S.A. 12-4501, we reverse.

Patch was charged on September 7, 2001. The case was set for first appearance on September 24, 2001, at which time defense counsel entered his appearance and set the case for an attorney plea docket on October 10, 2001. Thereafter, the case was continued twice at Patch's request to January 17, 2002. On that date Patch waived his speedy trial right and agreed with the prosecutor to continue the matter to June 20, 2002. On June 20, 2002, the case was continued once again at Patch's request to August 14, 2002. On August 14, Patch requested a trial setting. Patch concedes that the delays in the disposition of the case prior to August 14, 2002, were chargeable to him.

The court set the case for trial on October 17, 2002. On October 17, the City requested a continuance which the court granted. The court set a new trial date of December 19, 2002. On that new trial date, the City again requested a continuance. When the court denied the continuance, the case was dismissed without prejudice and the City immediately refiled the charges. When the newly filed case appeared on the January 15, 2003, scheduling docket, the court set the matter for trial on March 20, 2003.

On March 20, 2003, Patch moved to dismiss for denial of a speedy trial. The court denied Patch's motion and ruled that he had waived his speedy trial rights in the prior case on January 17, 2002. Patch was then tried on stipulated facts and found guilty on all counts except for a minor in possession charge.

Patch appealed to the district court and renewed his motion to dismiss for violation of his statutory right to a speedy trial. The district court denied Patch's motion and found him guilty of the three charges he was convicted of in municipal court. Patch's appeal now brings the matter before us.

Patch claims the district court erred in denying his motion to dismiss. This issue involves a question of law over which we have unlimited review. See *State v. Smith*, 271 Kan. 666, 681, 24 P.3d 727, *cert denied* 534 U.S. 1066 (2001).

The district court ruled that it could not review the municipal court's ruling on the speedy trial issue as a part of Patch's trial de novo. K.S.A. 22-3609(1) states in relevant part: "The defendant shall have the right to appeal to the district court of the county

from any judgment of a municipal court which adjudges the defendant guilty of a violation of the ordinances of any municipality of Kansas." Additionally, K.S.A. 22-3610(a) provides that the district court should hear an appeal from the municipal court de novo. Neither statute specifically limits the district court's ability to hear arguments relating to speedy trial issues. In a trial de novo in the context of this case, the district court judge stands in the shoes of the municipal court judge and, without regard for the prior rulings and findings of the municipal court judge, tries those issues anew. See *State v. Graham*, 275 Kan. 176, 182, 61 P.3d 662 (2003) (quoting *In re Tax Appeal of Panhandle Eastern Pipe Line Co.*, 272 Kan. 1211, Syl. ¶ 4, 39 P.3d 21 [2002]). The de novo trial authority granted to the district court certainly included the power and responsibility to revisit those issues raised before the municipal court judge that are renewed in the de novo trial.

The district court opined that regardless of whether it had the authority to revisit the speedy trial issue, the record from the municipal court was insufficient to allow the district court to reconsider it. We believe the facts before the district court were adequate for a reconsideration of this issue. The parties stipulated to all the dates and events necessary for the district court to rule. The parties do dispute, however, whether Patch's waiver of his speedy trial rights on January 17, 2002, was conditional or unconditional.

The City relies upon *State v. Smallwood*, 264 Kan. 69, 955 P.2d 1209 (1998), for support of the proposition that Patch's waiver on January 17, 2002, was unconditional. The facts in *Smallwood* are clearly distinguishable from those now before us. In *Smallwood* defendant waived his right to a speedy trial and simply deferred to the trial court to set the matter for trial at whatever time would accommodate the court's calendar. Based upon this the Supreme Court found that Smallwood's waiver of his speedy trial right was unconditional. 264 Kan. at 74. This contrasts with the facts now before us. The parties stipulated that Patch agreed to waive his right to a speedy trial in connection with an agreed continuance that would bring the matter before the court again on June 20, 2002. Unlike Smallwood's open-ended waiver, Patch's waiver was predicated upon the matter being reset for June 20, 2002, and

therefore not unconditional. Patch had the right to later withdraw, and did withdraw, his conditional waiver, thereby obligating the City to exercise due diligence in its prosecution of him. These facts were available to the district court and provided a factual basis upon which the court could have revisited Patch's speedy trial motion first raised in municipal court.

K.S.A. 22-3402(2) requires a defendant in district court that has been released on bond to be brought to trial within 180 days unless certain conditions are met. K.S.A. 12-4501 governs a defendant's speedy trial rights in municipal court. This statute states in relevant part: "An accused person entering a plea of not guilty, or for whom the court entered a plea of not guilty, shall be tried on the earliest practical day set by the court, unless trial is continued for good cause." The time limit for prosecution in municipal court under K.S.A. 12-4501 is more stringent than the time limit for trial in the district court described in K.S.A. 22-3402. See *City of Overland Park v. Fricke*, 226 Kan. 496, 499, 601 P.2d 1130 (1979).

The City relies on its unconditional waiver argument and does not dispute that at least 191 days chargeable to it elapsed before Patch was brought for trial on March 20, 2003. Since we know the time mandate of K.S.A. 12-4501 for trial in municipal court is more stringent that the 180-day mandate of K.S.A. 22-3402 for trials in the district court, and since the time for Patch's trial exceeded even the lesser district court standard, it is readily apparent that the City violated Patch's statutory speedy trial right and he was entitled to have the charges dismissed.

Reversed.