No. 98,512

STATE OF KANSAS, *Appellant*, v. MARIO LARENZO MITCHELL,
*Appellee.*
(179 P.3d 394)

Opinion filed March 28, 2008.

*Edmond D. Brancart*, deputy district attorney, argued the cause, and *Jerome A. Gorman*, district attorney, and *Paul J. Morrison*, attorney general, were with him on the brief for appellant.

*William P. Mahoney*, of Kansas City, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: The State brings an interlocutory appeal in this criminal proceeding, questioning the district court's decision regarding a stipulation to a prior offense. The prior offense was a necessary element to establish that defendant Mario Larenzo Mitchell illegally possessed a firearm in violation of K.S.A. 21-4204(a)(2).

Mitchell was charged with one count of first-degree, premeditated murder or, in the alternative, one count of felony murder based on the underlying felony of aggravated assault; two counts of aggravated assault; and one count of unlawfully possessing a firearm for acts that occurred on or about January 8, 2005. At his first trial in September 2005, Mitchell stipulated that he had previously been adjudicated as a juvenile offender for discharging a firearm at an occupied vehicle. The district court determined that the jury was unduly prejudiced by the stipulation and ordered a mistrial on September 15, 2005.

Mitchell was shot the same day the district court declared a mistrial. As a result of his injuries, Mitchell waived his right to a speedy trial and continued his trial date until March 26, 2007.

Jury selection began on March 26, 2007, as scheduled. On March 27, 2007, the district court held a hearing to finalize the stipulation for Mitchell's status as a prior offender prohibited from owning or possessing a firearm. Mitchell offered to stipulate that he had been adjudicated a juvenile offender in Wyandotte County District Court in April 2004 and that this adjudication prohibited him from owning or possessing a firearm on January 8, 2005. The State op-

posed Mitchell's stipulation, requesting the following language for its proposed stipulation:

"1. That the defendant, Mario Lorenzo [*sic*] Mitchell, is the same person who was adjudicated a juvenile offender in the District Court of Wyandotte County, Kansas, Juvenile Department in case no. 2004-JV-0006, on a finding that he committed an act that if done by an adult would constitute the commission of a person felony, and was found to have been in possession of a firearm at the time of the commission of such preceding offense.

"2. That the aforementioned act was committed in December 2003. The aforementioned adjudication happened on April 1, 2004. The defendant held the status of juvenile offender stemming from the aforementioned case at all times on January 8, 2005."

The district court denied the State's request and ordered two separate stipulations, one for the jury and one for the court. The district court ordered the stipulation for the jury to follow Mitchell's proposed stipulation, which did not include any information about the nature of Mitchell's prior juvenile adjudication. However, the district court ordered the stipulation for the court to include the information about the nature of Mitchell's prior juvenile adjudication to establish for the record that he had been adjudicated for an act that, if done by an adult, would constitute a person felony and that he was in possession of a firearm at the time of the commission of the act. The district court further barred the State from submitting any evidence to the jury regarding Mitchell's adjudication for a person felony while in possession of a firearm.

In response to the district court's order, the State filed a notice of interlocutory appeal to the Court of Appeals. The district court then suspended the proceedings pending the State's appeal and dismissed the jury. Mitchell requested to be released on bond. The district court set Mitchell's bond at $125,000. On March 28, 2007, Mitchell filed an objection to the State's interlocutory appeal, claiming that it was without statutory support and reasserting his right to a speedy trial. Although the State's interlocutory appeal was docketed with the Court of Appeals, we transferred the matter to this court on our own motion pursuant to K.S.A. 20-3018(c).

## Analysis

The State contends that the district court erroneously suppressed evidence of Mitchell's prior juvenile adjudication, thereby

preventing the State from proving all of the elements for the crime of unlawfully possessing a firearm. Mitchell asserts that this court does not have jurisdiction over the State's interlocutory appeal.

The right to appeal is entirely statutory. The right is not included in the United States Constitution or the Kansas Constitution. This court's jurisdiction over an appeal is controlled by statute. *State v. Ji*, 255 Kan. 101, 102-03, 872 P.2d 748 (1994). When the record reveals a lack of jurisdiction, this court has a duty to dismiss the appeal. Whether appellate jurisdiction exists is a question of law subject to unlimited review. *State v. Thomas*, 283 Kan. 796, 805, 156 P.3d 1261 (2007).

Mitchell relies on K.S.A. 22-3603, which limits the State's right to an interlocutory appeal, providing:

"When a judge of the district court, prior to the commencement of trial of a criminal action, makes an order quashing a warrant or a search warrant, suppressing evidence or suppressing a confession or admission an appeal may be taken by the prosecution from such order if notice of appeal is filed within ten (10) days after entry of the order. Further proceedings in the trial court shall be stayed pending determination of the appeal."

This court has interpreted K.S.A. 22-3603 broadly to include any of the district court's evidentiary rulings that would substantially impair the State's ability to prosecute the case. *State v. Kleypas*, 282 Kan. 560, 563-65, 147 P.3d 1058 (2006); *State v. Griffin*, 246 Kan. 320, 323, 787 P.2d 701 (1990).

The district court ordered the State to enter into the following stipulation with Mitchell for presentation to the jury:

"COMES NOW the Defendant Mario Lorenzo [*sic*] Mitchell, personally, and by and through his attorney William P. Mahoney, to stipulate for the purpose of admission into evidence at the jury trial in the above-captioned case as follows:

"That the Defendant Mario Lorenzo [*sic*] Mitchell was adjudicated a juvenile offender in Wyandotte County District Court on April 2004, and that this adjudication prohibited him from owning and possessing a firearm on January 8, 2005."

The district court ordered Mitchell to stipulate to the court for the purposes of the record that the prior conviction was one which if committed by an adult would have constituted a person felony

and that Mitchell was in possession of a gun at the time of the prior offense.

The State argues that the district court's ruling prevents it from presenting sufficient evidence to prove beyond a reasonable doubt all of the elements of criminal in possession of a firearm in violation of K.S.A. 21-4204(a)(2). When reviewing the district court's decision regarding the admission or exclusion of evidence, an appellate court must first consider whether the evidence is relevant to any material fact. *State v. Patton*, 280 Kan. 146, 156, 120 P.3d 760 (2005). All relevant evidence is admissible unless otherwise precluded by statute. K.S.A. 60-407(f). Relevant evidence is "evidence having any tendency in reason to prove any material fact." K.S.A. 60-401(b). Because Mitchell was charged with unlawfully possessing a firearm in violation of K.S.A. 21-4204, his status as a juvenile offender with an adjudication for a person felony while in possession of a firearm is relevant to prove an element of the crime.

After determining that the evidence is relevant, an appellate court must apply the rules of evidence either as a matter of law or in the district court's discretion to determine whether the evidence is admissible. *Patton*, 280 Kan. at 156. There are no evidentiary rules specifically addressing the admission of stipulations. Consequently, the only applicable rule is K.S.A. 60-445, which gives the district court discretion to exclude relevant evidence if its probative value is substantially outweighed by unfair prejudice. *State v. Trotter*, 280 Kan. 800, 810, 127 P.3d 972 (2006); see *State v. Lee*, 266 Kan. 804, 813, 977 P.2d 263 (1999). Under this statute, an appellate court reviews the district court's decision using an abuse of discretion standard. *Trotter*, 280 Kan. at 810.

In *Lee*, this court established the following rules regarding the admission of evidence to prove the predicate felony for unlawfully possessing a firearm:

"(1) When requested by a defendant in a criminal possession of a firearm case, the district court must approve a stipulation whereby the parties acknowledge that the defendant is, without further elaboration, a prior convicted felon. (2) At the same time, the State may place into the record, at its discretion, the actual judgment(s) and sentence(s) of the prior felony conviction(s). (3) Neither these documents nor the number and nature of the prior convictions should be disclosed

to the trial jury. (4) Out of the jury's presence and after consultation with counsel, the defendant should be required to personally acknowledge the stipulation and his or her voluntary waiver of his or her right to have the State otherwise prove the convicted felon status element beyond a reasonable doubt. (5) The defendant's stipulation of convicted felon status satisfies the prosecution's burden of proof for that element of the crime. (6) If the element of 'convicted felon' is established by stipulation, 'the judge may thereafter instruct the jury that it can consider the convicted felon status of the crime as proven by agreement of the parties in the form of a stipulation.' [Citation omitted.]" *Lee*, 266 Kan. at 815-16 (adopting analysis of *Brown v. State*, 719 So. 2d 882, 889 [Fla. 1998]).

The facts in *Lee* are very similar to the facts at issue in this case. Lee was charged with murder and unlawfully possessing a firearm. Lee offered to stipulate that he had been convicted of a felony within 10 years of allegedly possessing the firearm at issue and that the felony had not been expunged or pardoned. The district court denied Lee's request for a stipulation and allowed the State to admit the journal entry of judgment, which showed that Lee had previously been convicted of aggravated battery. Although the prior case law in Kansas allowed the State to submit independent proof of the conviction even if the defendant stipulated to the prior felony, the *Lee* court overruled the prior case law and adopted the United State Supreme Court's persuasive reasoning in *Old Chief v. United States*, 529 U.S. 172, 191, 136 L. Ed. 2d 574, 117 S. Ct. 644 (1997). The *Old Chief* Court had concluded that the prejudicial effect of admitting the record of a prior conviction substantially outweighed its discounted probative value when the defendant was willing to stipulate to his or her status as a felon. See *Lee*, 266 Kan. at 810-11, 814-16. Three justices dissented in *Lee*, reasoning that *Old Chief* is not binding authority and that the federal rule of evidence applied in *Old Chief* was distinguishable from the Kansas rule in K.S.A. 60-445 because it did not include the phrase "unfair prejudice." *Lee*, 266 Kan. at 816-18 (Larson, J., dissenting, joined by McFarland, C.J., and Lockett, J.). The dissenting justices further reasoned that the legislature must have intended for the name and nature of the prior felony to be an element of the State's proof. 266 Kan. at 818.

Although *Lee* appears to be on point, the State distinguishes *Lee* by focusing on the applicable subsection of K.S.A. 21-4204. Lee

was charged with violating K.S.A. 21-4204(a)(4), which lists specific offenses as predicate felonies. Mitchell was charged with unlawfully possessing a firearm in violation of K.S.A. 21-4204(a)(2), which provides:

"(a) Criminal possession of a firearm is:

. . . .

"(2) possession of any firearm by a person who has been convicted of a person felony or a violation of any provision of the uniform controlled substances act under the laws of Kansas or a crime under a law of another jurisdiction which is substantially the same as such felony or violation, or was adjudicated a juvenile offender because of the commission of an act which if done by an adult would constitute the commission of a person felony or a violation of any provision of the uniform controlled substances act, and was found to have been in possession of a firearm at the time of the commission of the offense."

The State argues that under K.S.A. 21-4204(a)(4), it is only required to prove the defendant's status as a felon, but that under K.S.A. 21-4204(a)(2), it must also prove that the defendant was previously convicted of possessing a firearm while committing a person felony. The State relies on *State v. Folley*, No. 89,368, unpublished opinion filed July 30, 2004. In *Folley*, the defendant was charged with violating K.S.A. 21-4204(a)(2). The defendant stipulated to the existence of a prior person felony, but the stipulation did not address whether the prior person felony was committed while he was in possession of a firearm. On appeal, the defendant claimed that the State had failed to prove every element of the crime. The *Folley* court noted that there was no evidence presented to establish that the defendant was in possession of a firearm during the prior felony. Agreeing with the defendant, the *Folley* court refused to find invited error because the defendant is not required to prove every element of a crime. Rather, it is the State's burden to prove each and every element of the crime beyond a reasonable doubt. Slip op at 3-4.

Under the facts presented, the State is arguing a distinction without a difference. Violating either K.S.A. 21-4204(a)(2) or K.S.A. 21-4204(a)(4) is a severity level 8 nonperson felony. K.S.A. 21-4204(d). The difference between the subsections concerns the length of time that a prior felon or juvenile offender is precluded

from owning or possessing a firearm. Under K.S.A. 21-4204(a)(2), a person convicted or adjudicated of a prior person felony that was committed while in possession of a firearm may never lawfully possess a firearm. His or her status as a person precluded from owning or possessing a firearm never changes. However, under K.S.A. 21-4204(a)(4) the status of a person convicted or adjudicated of the listed felonies or a nonperson felony that was committed while in possession of a firearm changes after 10 years. In other words, persons that fall within the elements of K.S.A. 21-4204(a)(4) are only precluded from owning or possessing a firearm for 10 years. The length of time that an offender is prohibited from owning or possessing a firearm is not probative in determining whether he or she actually possessed one at the time the State alleges. If the defendant is willing to stipulate to his or her status as a person prohibited from owning or possessing a firearm at the time they are alleged to have unlawfully possessed one, the State need not prove the elements of the defendant's status to the jury.

Likewise, *Folley* does not support the State's argument that the elements of the defendant's status must be proven to the jury even if the defendant stipulates to such elements. The *Folley* court noted that there was nothing in the record to establish that the defendant had possessed a firearm during the commission of the predicate felony. Consequently, the State had failed to establish the defendant's status under K.S.A. 21-4204(a)(2). *Folley*, slip op. at 3. That is not the case here. The district court required a separate stipulation to the court to establish all of the elements of Mitchell's status under K.S.A. 21-4204(a)(2) for the record. Contrary to the State's interpretation of the *Folley* decision, the *Folley* court did not say that the State was required to present evidence to the *jury* regarding the defendant's possession of a firearm during the predicate felony. Such a conclusion would contradict this court's directive in *Lee*, which specifically requires the district court to admit the actual judgment(s) and sentence(s) of the prior felony conviction(s) into the record without disclosing them to the jury, thereby protecting the State's interest in proving all of the elements of the defendant's status. 266 Kan. at 815.

In addition to distinguishing *Lee*, the State argues that this court should overturn *Lee* and reinstate the prior case law, which allowed the State to admit evidence of the defendant's prior conviction(s) regardless of whether the defendant stipulated to his or her status under K.S.A. 21-4204. The State relies on *State v. Gunby*, 282 Kan. 39, 144 P.3d 647 (2006), citing it for the proposition that evidence of other crimes is admissible when relevant to prove a disputed material fact. The State asserts that under *Gunby*, evidence of a prior crime is admissible as a matter of law when it is relevant to prove an element of the crime. This argument misstates the holding in *Gunby*. In *Gunby*, we held that evidence of prior crimes was admissible when relevant to prove a disputed material fact if the evidence was more probative than prejudicial. 282 Kan. at 57. When a defendant stipulates to his or her status as a prior offender prohibited from owning or possessing a firearm pursuant to K.S.A. 21-4204, evidence of the prior crime is no longer relevant to prove a disputed material fact because the fact of the defendant's status is not disputed. Furthermore, under the second step in the *Gunby* analysis, the evidence of the defendant's prior crime is more prejudicial than probative if the defendant is willing to stipulate to his or her status. See *Old Chief*, 519 U.S. at 191; *United States v. Wacker*, 72 F.3d 1453, 1472-73 (10th Cir. 1995); *Lee*, 266 Kan. at 815. Contrary to the State's argument, *Gunby* supports our reasoning in *Lee*.

The State further relies on *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), for the proposition that the State is required to present evidence on each and every element of the crime, including the defendant's status as a prior felon or juvenile offender prohibited from owning or possessing a firearm. According to the State, *Apprendi* prevents the defendant from being sentenced based on judicial factfinding. If the defendant stipulates to his or her status and the jury is not provided with independent evidence to prove the defendant's status, the State argues that the judge becomes the factfinder and the resulting sentence violates *Apprendi*. This argument confuses the purpose of a stipulation. When a party stipulates to a fact, there is no factual dispute for a factfinder to resolve.

The State has failed to assert any meritorious arguments to distinguish or overturn *Lee*. Consequently, this court must consider the district court's decision in light of the requirements set forth in *Lee*, which required the district court in this case to (1) approve Mitchell's stipulation that he was prohibited from owning or possessing a firearm by his status as a prior offender; (2) allow the State to place the actual judgment and sentence of Mitchell's prior juvenile adjudication into the record; (3) refuse to disclose the nature and number of Mitchell's prior adjudications to the jury; (4) consult with Mitchell and his attorney outside the presence of the jury to allow Mitchell to personally acknowledge the stipulation and his voluntary waiver of the right to have the State otherwise prove his status beyond a reasonable doubt to the jury; (5) acknowledge that Mitchell's stipulation to his status as a prior juvenile offender prohibited from owning or possessing a firearm on the date in question satisfies the prosecution's burden of proof for that element of the crime; and (6) instruct the jury that it can consider Mitchell's status as a juvenile offender prohibited from owning or possessing a firearm as proven by agreement of the parties in the form of a stipulation. See *Lee*, 266 Kan. at 815-16.

The district court's order complies with *Lee* by approving Mitchell's stipulation to the jury, protecting the State's interest in providing a record that establishes each and every element of Mitchell's status as set forth in K.S.A. 21-4204, and refusing to disclose the number and nature of Mitchell's prior offenses to the jury. Although the district court's order did not specifically permit the State to admit the journal entry of judgment from Mitchell's prior juvenile adjudication and sentence into the record, the court's requirement that Mitchell provide a separate stipulation to the court establishing each of the status elements specified in K.S.A. 21-4204 adequately protects the record for appeal.

Pursuant to *Lee*, the State is required to accept Mitchell's stipulation as to his status and is precluded from admitting independent evidence to the jury to establish the elements of Mitchell's status. The State has failed to demonstrate that the district court's decision is erroneous and not in compliance with Kansas law. Thus, the State cannot demonstrate that the exclusion of its proposed

stipulation of the prior juvenile adjudication substantially impairs its ability to prosecute the case. If the exclusion of evidence does not substantially impair the State's ability to prosecute the case, the State cannot raise the issue as an interlocutory appeal. As a result, we do not have jurisdiction to address the State's appeal. See *State v. Kleypas*, 282 Kan. 560, 563-65, 147 P.3d 1058 (2006); *State v. Griffin*, 246 Kan. 320, 323, 787 P.2d 701 (1990).

In addition to arguing that we have no jurisdiction for the State's appeal, Mitchell argues that the time for the appeal must be charged to the State for purposes of speedy trial. Mitchell asserts that he has been in custody during the pendency of the appeal and, as a result, his statutory right to a speedy trial has been violated. The question of whether there was a violation of the statutory right to a speedy trial is a matter of law, and we review it using a de novo standard of review. *State v. Adams*, 283 Kan. 365, 368, 153 P.3d 512 (2007).

The statutory right to a speedy trial is set forth in K.S.A. 22-3402, which provides in pertinent part:

"(1) If any person charged with a crime and held in jail solely by reason thereof shall not be brought to trial within 90 days after such person's arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (5).

"(2) If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within 180 days after arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (5).

. . . .

"(6) In the event a mistrial is declared or a conviction is reversed on appeal to the supreme court or court of appeals, the time limitations provided for herein shall commence to run from the date the mistrial is declared or the date the mandate of the supreme court or court of appeals is filed in the district court."

Mitchell's first trial ended in a mistrial on September 15, 2005. Mitchell was shot later that same day. In February 2006, the district court held a status conference where Mitchell orally moved to continue his trial to an unspecified date because his gunshot wounds

made him unfit for the rigors of trial. Although Mitchell's jury trial was later scheduled for December 11, 2006, the State and Mitchell filed a joint motion to continue the trial. The district court noted that Mitchell had previously waived his right to a speedy trial and had personally agreed to the continuance. Granting the joint motion, the district court set Mitchell's trial for March 26, 2007. On March 26, 2007, the parties selected a jury. However, when the State filed its notice of an interlocutory appeal, the district court suspended the proceedings and discharged the jury. On March 28, 2007, Mitchell filed an objection to the State's interlocutory appeal and reasserted his right to a speedy trial, stating that he was in custody.

The State is authorized to file an interlocutory appeal in a criminal action when the district court suppresses evidence. K.S.A. 22-3603. However, because the State's interlocutory appeal was not authorized by K.S.A. 22-3603, Mitchell argues that the time for the appeal must be charged to the State. Mitchell relies on *State v. Unruh*, 263 Kan. 185, 191, 946 P.2d 1369 (1997). In *Unruh*, the State filed an interlocutory appeal. The *Unruh* court dismissed the State's appeal as an unauthorized appeal and held that the State violated the defendant's statutory right to a speedy trial, charging the time associated with the State's interlocutory appeal against the State. 263 Kan. at 191. The *Unruh* court reasoned:

"In this case, nothing prevented the State from trying the defendant on the original charges once the district court invalidated the plea agreement. The only reason for the attempted interlocutory appeal was to avoid a possible waste of time in trying the case. The State should have proceeded to trial on the original charges rather than attempting an appeal that was not clearly authorized by any express statutory provision. While it is true that the State did not conclusively know its interlocutory appeal was without jurisdiction until our opinion, under *Hess*, [180 Kan. 472, 304 P.2d 474 (1956),] and *Grimes*, [229 Kan. 143, 622 P.2d 143 (1981),] and the statutes regarding criminal appeals by the State, considerations of expediency can have no weight in the face of the preemptory commands of the Kansas Constitution Bill of Rights and K.S.A. 22-3402(1)." 263 Kan. at 191.

Before applying *Unruh* to this case, we must first determine whether Mitchell had permanently waived his statutory right to a speedy trial. In *State v. Smallwood*, 264 Kan. 69, 75, 955 P.2d 1209 (1998), this court rejected the defendant's claim that the State vi-

olated his statutory right to a speedy trial. When Smallwood appeared for trial approximately 17 months after his initial trial date, the district judge advised him off the record that the State was not going to trial that day. In response, Smallwood orally advised the judge off the record that he was asserting his right to a speedy trial but neither withdrew his waiver nor filed a notice that he was reasserting his right to a speedy trial. Noting that Smallwood had unconditionally waived his right to a speedy trial, the *Smallwood* court concluded that Smallwood's claim of a conditional waiver was not supported by the record and held that the State had not violated Smallwood's statutory right to a speedy trial. 264 Kan. at 74-75.

The Court of Appeals reached the opposite result in *City of Shawnee v. Patch*, 33 Kan. App. 2d 560, 562-63, 105 P.3d 727 (2005). The *Patch* court noted that the defendant's waiver was conditioned upon a specific court date. Because the City failed to begin the trial on that specific court date, the *Patch* court held that the defendant's right to a speedy trial was violated. The *Patch* court reasoned that the City was required to exercise due diligence in bringing the defendant to trial when the defendant exercised his right to withdraw his waiver. 33 Kan. App. 2d at 563.

In *State v. Bloom*, 273 Kan. 291, 310, 44 P.3d 305 (2002), this court rejected the defendant's claim that his statutory right to a speedy trial had been violated, noting that the defendant had unconditionally waived his right to a speedy trial. The *Bloom* court stated that the defendant was required to revoke his waiver before he could allege a speedy trial violation. 273 Kan. at 310.

*Smallwood*, *Patch*, and *Bloom* stand for the proposition that defendants who have waived their right to a speedy trial may condition or revoke their waivers and subsequently raise the speedy trial issue if the State is aware of the conditions or the revocation. Although Mitchell waived his right to a speedy trial in 2005, he revoked his waiver and unconditionally reasserted his right to a speedy trial on March 28, 2007, when he filed an objection to the State's interlocutory appeal. Under *Smallwood*, *Patch*, and *Bloom*, Mitchell properly reasserted his right to a speedy trial and revoked his waiver by giving the State notice on the record.

Because Mitchell properly revoked the waiver of his right to a speedy trial, the holding in *Unruh* applies. The time for the State's unauthorized interlocutory appeal must be charged against the State. K.S.A. 22-3402 does not specifically address the situation when the defendant revokes his or her waiver of the right to a speedy trial. However, it provides that a defendant in custody solely for the crime charged is entitled to be tried within 90 days of arraignment. K.S.A. 22-3402(1). If the defendant is out on bond, he or she is entitled to be tried within 180 days of arraignment. K.S.A. 22-3402(2). Mitchell was arraigned in 2005 but waived his right to a speedy trial until March 28, 2007. The district court set Mitchell's bail at $125,000 after it suspended his trial. Other than Mitchell's pleading filed on March 28, 2007, which states that Mitchell was in custody, there is nothing in the record to establish whether Mitchell is currently in custody or whether he bonded out. Assuming that Mitchell remains in custody, the State is entitled to a new 90-day period after Mitchell reasserted his right to a speedy trial. The 90-day period expired on June 28, 2007. Assuming that Mitchell was released on bond, the State is entitled to a 180-day period after Mitchell reasserted his right to a speedy trial. The 180-day period expired on September 27, 2007. Under either scenario, the State has failed to bring Mitchell to trial within the statutory speedy trial period. As a result, the case against Mitchell must be dismissed and he is discharged from further liability.

Appeal dismissed and case remanded with directions to dismiss the charges against Mitchell.