NOT DESIGNATED FOR PUBLICATION

No. 112,547

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

JD TURNER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Douglas District Court; MICHAEL J. MALONE, judge. Opinion filed October 23, 2015. Affirmed.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Patrick J. Hurley*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., SCHROEDER, J., and HEBERT, S.J.

*Per Curiam*:  JD Turner appeals his convictions for attempted first-degree murder, criminal possession of a firearm by a convicted felon, aggravated assault, and domestic battery. On appeal, Turner claims the district court erred by not using his modified version of PIK Crim. 4th 63.040 instruction on criminal possession of a firearm by a convicted felon. We find Turner's stipulations and proposed instruction were inadequate to accurately instruct the jury for criminal possession of a firearm by a convicted felon. Turner also asserts the district court improperly found the victim, R.W., unavailable as a witness and erred by allowing her preliminary hearing testimony to be read to the jury.

1

We find no error by the district court on this point. Turner challenges those sentences where the district court imposed the high number in the grid block. On this issue, we have no jurisdiction on appeal. See *State v. Johnson*, 286 Kan. 824, 842, 190 P.3d 207 (2008). Finally, Turner disputes the use of his prior criminal history to determine his sentence. This argument has been repeatedly denied based on our Supreme Court's decision in *State v. Ivory*, 273 Kan. 44, 45-48, 41 P.3d 781 (2002). Turner's multiple claims for relief are denied, and we affirm his convictions.

FACTS

On February 28, 2014, the State charged Turner with one count each of attempted first-degree murder, criminal possession of a firearm by a convicted felon, aggravated assault, and domestic battery from a series of incidents occurring on February 13 and 14, 2014.

Turner filed a motion to bifurcate, asking that the criminal possession of a firearm by a convicted felon charge be tried at a different time than the other charges or, in the alternative, for the district court to agree to instruct the jury using his modified version of PIK Crim 4th 63.040. Turner's proposed jury instruction removed all references to the convicted felon element. Instead, it said Turner "has stipulated that he was prohibited by law from possession of a firearm at the time alleged and this element of the charge is admitted and does not need to be considered by the jury." The district court denied Turner's motion to bifurcate and declined to use Turner's proposed instruction.

Five days before trial, the State filed a motion to declare R.W. an unavailable witness. R.W., the victim of the aggravated assault and domestic battery charges, testified at Turner's preliminary hearing but the State was unable to locate and serve her for the trial. At the motion hearing, Turner argued the subpoena for R.W. issued by the district attorney's office was improperly issued because it was not issued by the clerk of the

2

court. The district court found the subpoena's validity was a "red herring" because R.W. had not been located or served and the State had exercised good faith and diligence in attempting to locate her. The district court allowed the presentation of R.W.'s preliminary hearing testimony at trial.

The jury found Turner guilty of attempted first-degree murder, criminal possession of a firearm by a convicted felon, aggravated assault, and domestic battery. Turner received a 285-month sentence for attempted first-degree murder with a consecutive 12-month sentence for aggravated assault. Turner also received concurrent sentences of 9 months for criminal possession of a firearm by a convicted felon and 6 months for misdemeanor domestic battery to the charges of attempted first-degree murder and aggravated assault. The district court also imposed a period of postrelease supervision on all convictions other than domestic battery. Turner timely appeals.

ANALYSIS

*The district court properly instructed the jury on the charge of criminal possession of a firearm by a convicted felon.*

For jury instruction issues, the progression of analysis and corresponding standards of review on appeal are:

> "'(1) First, the appellate court should consider the reviewability of the issue from both jurisdiction and preservation viewpoints, exercising an unlimited standard of review; (2) next, the court should use an unlimited review to determine whether the instruction was legally appropriate; (3) then, the court should determine whether there was sufficient evidence, viewed in the light most favorable to the defendant or the requesting party, that would have supported the instruction; and (4) finally, if the district court erred, the appellate court must determine whether the error was harmless, utilizing the test and degree of certainty set forth in *State v. Ward*, 292 Kan. 541, 256 P.3d 801 (2011), *cert.*

3

*denied* 132 S. Ct. 1594 (2012).' *State v. Plummer*, 295 Kan. 156, Syl. ¶ 1, 283 P.3d 202 (2012)." *State v. Smyser*, 297 Kan. 199, 203-04, 299 P.3d 309 (2013).

The State argues that Turner withdrew his proposed criminal possession of a firearm by a convicted felon jury instruction at the instruction conference. However, during the conference, Turner reiterated his request for the proposed instruction. Turner did not withdraw his proposed jury instruction, and he has preserved the issue for appellate review.

The defendant's status as a convicted felon is one of the elements of criminal possession of a firearm by a convicted felon. See K.S.A. 2014 Supp. 21-6304. The State has the duty to establish each of the elements of the crime charged. *State v. Lee*, 266 Kan. 804, 815, 977 P.2d 263 (1999). However, in a criminal possession of a firearm case, if the defendant requests a stipulation acknowledging the defendant's status as a prior convicted felon, the defendant's stipulation satisfies the State's burden of proof for that element of the crime and the district court must approve the stipulation. After the defendant stipulates to convicted felon status, the judge may instruct the jury that the defendant's status as a convicted felon was proven by the stipulation. 266 Kan. at 816.

In *Lee*, the district court denied Lee's offer to stipulate that he was a convicted felon and allowed the State to introduce evidence of the prior felony, including a certified copy of the journal entry of judgment of the aggravated battery conviction, to the jury. The Kansas Supreme Court held that Lee's stipulation had to be accepted. As a result, Lee's status as a convicted felon could be acknowledged, but the facts surrounding his prior felony conviction could not be further elaborated by the State. The Kansas Supreme Court held that neither the number nor the nature of the Lee's prior convictions could be disclosed to the jury. 266 Kan. at 815-16.

In *State v. Mitchell*, 285 Kan. 1070, 1073, 179 P.3d 394 (2008), the State filed an interlocutory appeal challenging the district court's order requiring the State to accept Mitchell's stipulation that he "'was adjudicated a juvenile offender in Wyandotte County District Court on April 2004, and that his adjudication prohibited him from owning and possessing a firearm on January 8, 2005.'" In *Mitchell*, the State argued that *Lee* was distinguishable or should be overturned. The Kansas Supreme Court affirmed *Lee* and found that the district court's order complied with *Lee* because it established Mitchell's status without disclosing the number and nature of Mitchell's prior convictions to the jury. *Mitchell*, 285 Kan. at 1079-80.

Turner's modified version of PIK Crim. 4th 63.040 submitted to the district court provided:

"The defendant is charged with criminal possession of a firearm. The defendant pleads not guilty. To establish this charge, each of the following must be proved:

1. The defendant possessed a firearm.

2. The defendant has stipulated that he was prohibited by law from possession of a firearm at the time alleged and this element of the charge is admitted and does not need to be considered by the jury.

3. This act occurred on or about the [14th day of February, 2014], in Douglas County, Kansas.

"'Possession' means having joint or exclusive control over an item with knowledge of or intent to have such control or knowingly keeping some item in a place where the person has some measure of access and right of control."

The instruction given to the jury by the district court followed the recommended PIK 4th 63.040 instruction for the criminal possession of a firearm by a convicted felon as follows:

"The defendant is charged with criminal possession of a firearm *by a convicted felon*. The defendant pleads not guilty.

5

"To establish this charge, each of the following claims must be proved:

"1.  The defendant possessed a firearm.

"2.  *The defendant within 10 years preceding such possession has been convicted of a felony.*

"3.  *The defendant was not found to be in possession of a firearm at the time of the prior crime.*

"4.  This act occurred on or about the 14th day of February, 2014, in Douglas County, Kansas.

"'Possession' means having joint or exclusive control over an item with knowledge of or intent to have such control or knowingly keeping some item in a place where the person has some measure of access and right of control." (Emphasis added.)

Turner's proposed jury instruction excised all references to the convicted felon element and exceeds the holdings of *Lee* and *Mitchell*. Unlike in *Lee* and *Mitchell*, Turner's proposed instruction sought not only to prevent the State from introducing evidence of Turner's prior conviction, but to also completely prevent the State from acknowledging Turner's status as a convicted felon. The district court did not err when it refused to give Turner's proposed instruction because the State was required to prove Turner's prior felony conviction as an element of the crime. Turner's proposed instruction was legally insufficient to properly instruct the jury on the elements the State was required to prove to support a conviction for criminal possession of a firearm. The district court did not err in denying Turner's request to instruct the jury using his modified instruction of PIK Crim. 4th 63.040.

*R.W. was unavailable as a witness.*

The district court found the State had exercised due diligence and good faith in trying to obtain R.W.'s presence at the jury trial. A district court's determination of witness unavailability will not be disturbed on appeal unless an abuse of discretion is shown. *State v. Zamora*, 263 Kan. 340, 342, 949 P.2d 621 (1997). A district court abuses

6

its discretion if its judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014).

Preliminary hearing testimony of an unavailable witness may be used at trial if the adverse party had the right and opportunity to cross-examine the witness at the preliminary hearing under K.S.A. 2014 Supp. 60-460(c)(2). Before a witness can be declared unavailable, the proponent must show the witness cannot be produced at trial through the exercise of due diligence and good faith. *State v. Plunkett*, 261 Kan. 1024, 1034, 934 P.2d 113 (1997). The Kansas Supreme Court has not attempted to define "due diligence." *State v. Cook*, 259 Kan. 370, 376, 913 P.2d 97 (1996). The question of whether the proponent made a good-faith effort to locate the witness turns on the totality of the facts and circumstances. *State v. Flournoy*, 272 Kan. 784, 800, 36 P.3d 273 (2001).

Turner argues the State did not exercise due diligence and good faith because the subpoena for R.W. was issued by the district attorney's office instead of the clerk of the court. However, whether the State's subpoena was properly issued is not determinative of R.W.'s unavailability. K.S.A. 60-459(g)(5) provides:  "'Unavailable as a witness' includes situations where the witness is absent from the place of hearing because the proponent of his or her statement does not know and with diligence has been unable to ascertain his or her whereabouts."

By its plain language, K.S.A. 60-459(g)(5) does not include language requiring the issuance of a subpoena before a witness is declared unavailable. In addition, the Kansas Supreme Court has affirmed district court findings of witness unavailability despite a party's failure to subpoena the unavailable witness. See *Cook*, 259 Kan. at 376-83; *State v. Bey*, 217 Kan. 251, 254-56, 535 P.2d 881 (1975).

In *Cook*, the defendant was charged with murder, and the key witness, David Rudell, left the state for safety. Rudell returned for the preliminary hearing and was questioned by counsel for the defendant. Despite living in California, Rudell made himself available as needed and the State kept in contact with Rudell through his attorney. A week before trial, Rudell informed the State that he did not have the funds necessary to travel back to Kansas and would not be present unless the State provided travel money up front. The State sent Rudell travel money, but Rudell never received the money and was not present at trial. The district court found Rudell was unavailable and his preliminary hearing transcript was read into the record at the defendant's trial. On appeal, Cook argued the State did not satisfy its due diligence because it did not issue compulsory process to seek Rudell's presence at the trial. Despite the State's failure to issue a subpoena, the Kansas Supreme Court found no error in the district court's finding the witness was unavailable. *Cook*, 259 Kan. at 383.

The Kansas Supreme Court also affirmed a district court's finding of witness unavailability in *Bey*. Bey was tried for robbery and first-degree murder. At trial, the State moved to declare Bobby Arnold an unavailable witness. After multiple attempts to contact Arnold, the State learned he had moved to Fair Play, Missouri. Though a subpoena was not issued, the sheriff's office in Fair Play made several attempts to contact Arnold at his residence over a 5-day period and left a note asking Arnold to contact the Wyandotte County District Attorney's Office. The Kansas Supreme Court found the State had diligently sought to ascertain Arnold's whereabouts and agreed with the trial court's conclusion that the issuance of a subpoena would have been a useless act since the sheriff's office had been unable to make contact with Arnold. 217 Kan. at 255.

Here, the State provided ample evidence of its diligent and good-faith attempts to locate R.W. for trial. Catherine Born, an investigator with the Douglas County District Attorney's Office testified she tried contacting R.W. by phone three times between June 2 and 11, 2014. Born testified she attempted to make contact with R.W. at her residence

8

four times between June 2 and 19, 2014, and even surveilled R.W.'s residence for nearly 4 hours on June 19, 2014. Born also testified she attempted to contact R.W.'s sister and mother to locate R.W. and drove by R.W.'s residence 15 times between June 2 and 19, 2014. Similarly, Jack Cross, a detective with the Lawrence Police Department, testified about his attempts to contact R.W. Cross testified he made multiple attempts to make contact with R.W. by phone and at her residence. Cross also testified he contacted R.W.'s mother but was unable to locate R.W. Turner does not dispute the State diligently attempted to locate R.W. Given the level of attempts to find R.W., the district court did not abuse its discretion in allowing R.W.'s preliminary hearing testimony to be read based on the district court's determination she was an unavailable witness given the due diligence and good-faith efforts expended by the State to secure her attendance at the trial.

*We have no jurisdiction regarding the imposition of a presumptive sentence.*

Turner's claims the district court erred by imposing the high range from his presumptive sentencing grid block at the time of sentencing.

> "The Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq.,* defines [a defendant]'s right to appeal from his sentences and, as applicable to this issue, provides that 'the appellate court shall not review: (1) Any sentence that is within the presumptive sentence for the crime.' K.S.A 21-4721(c)(1). KSGA defines 'presumptive sentence' as 'the sentence provided in a grid block for an offender classified in that grid block by the combined effect of the crime severity ranking of the current crime of conviction and the offender's criminal history.' K.S.A. 21-4703(q)." *Johnson*, 286 Kan. at 841.

See K.S.A. 2014 Supp. 21-6820(c)(1).

9

The Kansas Supreme Court has not indicated it is departing from its holding in *Johnson*, and Turner acknowledges that *Johnson* is controlling but asks us to not follow the rule in *Johnson*. Absent a clear indication that our Supreme Court is departing from its previous position, the Court of Appeals is duty bound to follow Kansas Supreme Court precedent. *State v. Ottinger*, 46 Kan. App. 2d 647, 655, 264 P.3d 1027 (2011), *rev. denied* 294 Kan. 946 (2012). The district court did not violate Turner's constitutional rights when it sentenced him to the presumptive upper term of the grid block given his crimes of conviction and criminal history.

*Use of prior convictions to establish Turner's criminal history score was proper.*

Turner next argues the district court violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution when it used his prior convictions to enhance his sentence without proving those convictions to a jury beyond a reasonable doubt, contrary to the United States Supreme Court's guidance in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Turner recognizes the Kansas Supreme Court rejected this argument in *Ivory*, 273 Kan. at 45-48, but includes the issue to preserve it for federal review. Because there is no indication the Kansas Supreme Court is departing from this position, this court is duty bound to follow established precedent. *Ottinger*, 46 Kan. App. 2d at 655. The district court properly used Turner's criminal history to establish his sentence.

Affirmed.