NOT DESIGNATED FOR PUBLICATION

No. 118,642

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ALICIA D. JACOBS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed March 15, 2019. Affirmed in part and remanded with directions.

*Angela M. Davidson*, of Wyatt & Davidson, LLC, of Salina, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., HILL, J., and WALKER, S.J.

PER CURIAM: In this appeal of the summary denial of K.S.A. 60-1507 relief to Alicia D. Jacobs, we affirm the district court's ruling on the matter of trial and appellate counsel's alleged inadequacies. But because the record thwarts our ability to review fully Jacobs' speedy trial rights, we remand for further proceedings. We hold the district court should have at least conducted a preliminary hearing on this matter.

A panel of this court affirmed Jacobs' convictions in *State v. Jacobs*, No. 113,759, 2016 WL 5867235 (Kan. App. 2016) (unpublished opinion), *rev. denied* 306 Kan. 1325

1

(2017). Jacobs' petition for review was denied by our Supreme Court and the mandate was issued on August 31, 2017.

After receiving the mandate, the district court notified Jacobs by letter that she would need to report to Adult Probation by September 18, 2017, to begin serving her 12-month term. She then filed this K.S.A. 60-1507 motion.

*Jacobs follows her appeal with a K.S.A. 60-1507 motion.*

Citing K.S.A. 60-1507, Jacobs, pro se, in the same filing, asked the district court to vacate her sentence because of ineffective assistance of counsel and also moved to correct an illegal sentence. In her motion, she alleged ineffective assistance of both her trial and appellate counsel. She claimed that her trial counsel was ineffective for failing to ensure her right to a speedy trial, and her appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness in her direct appeal. The court dismissed her motion after it found that the motion, files, and records in the criminal case established she was not entitled to relief.

In its summary dismissal of Jacobs' motion, the district court suggested that because Jacobs was on probation—and not a prisoner in custody serving a sentence—a K.S.A. 60-1507 motion was unavailable to her as a way to attack collaterally her conviction and sentence. The court also noted Jacobs' many allegations of trial errors in her motion and found they should have been raised in her direct appeal. The district court addressed Jacobs' claim that her right to a speedy trial was violated, but it observed that the defense requested many continuances she complained of in her motion. The court decided that the continuances were properly charged to the defense. Considering all of this, the court found that Jacobs' motion, files, and records in the case established she was not entitled to relief and summarily denied her motion.

2

Jacobs contends three of the district court's findings are erroneous. Contrary to the court's ruling, she was "in custody" as required by K.S.A. 60-1507. The State concedes this point and we need not elaborate, but we hold that the court was in error when it found otherwise. Next, Jacobs claims the court erred by finding that trial errors by trial counsel should have been raised in her direct appeal. And, finally, she argues that the court erred when it held that her right to a speedy trial was not violated.

A brief review of the law is helpful at this point. A district court has three options when handling a K.S.A. 2017 Supp. 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

Depending on which track the district court follows, our standard of review varies. Here, since the district court summarily denied Jacobs' motion, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish that Jacobs is not entitled to relief. *Sola-Morales*, 300 Kan. at 881.

*Jacobs makes a massive claim of counsel's shortcomings.*

Our review of Jacobs' 60-1507 motion reveals that she alleged over 30 reasons why her trial counsel was ineffective before, during, and after her trial. For example, she claimed that her lawyer:

- prepared for trial that was not within the required range of competence;

- gave her "bad advice";
- failed to negotiate a favorable plea;
- failed to move to suppress evidence;
- failed to object to evidence;
- failed to timely appeal;
- knew the prosecutor withheld discovery and exculpatory evidence; and
- did not pay for her transcripts.

To us, she argues that none of her claims against trial counsel could have been raised in her direct appeal. The State contends that Jacobs' recitation of rules and conclusory statements in her brief result in an "undeveloped" argument, which amounts to a waiver or abandonment of the issue. The State also contends that Jacobs failed to challenge the district court's specific rulings and she did not support her claim that she was entitled to an evidentiary hearing. We find the State's arguments persuasive.

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) that the performance of defense counsel was deficient under all the circumstances, and (2) prejudice that there is a reasonable probability the finder of fact would have reached a different result without the deficient performance. *Sola-Morales*, 300 Kan. at 882 (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]).

Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel is highly deferential and requires consideration of all the evidence before the judge or jury. A reviewing court must strongly presume that counsel's conduct fell within the broad range of reasonable professional assistance. *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014). To establish prejudice, the defendant must show a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding

4

would have been different, with a reasonable probability meaning a probability sufficient to undermine confidence in the outcome. *State v. Sprague*, 303 Kan. 418, 426, 362 P.3d 828 (2015).

In her brief, Jacobs specifies a handful of alleged errors made by trial counsel, such as his failure to object to factual errors in her PSI report and an allegation that he was absent during critical stages of the prosecution. She also claims that he failed to conduct an adequate investigation or subpoena necessary witnesses, and he failed to introduce exculpatory evidence.

The trouble with her arguments is that she gives us no facts to support any of these contentions, and sometimes her contentions are contrary to the record. For example, the record on appeal shows that at sentencing, her counsel told the court of Jacobs' dispute about one of her prior convictions for driving while suspended. The record also reveals that counsel never missed a scheduled court date. Without an evidentiary basis in the record or stating them in her motion, Jacobs' contentions are merely conclusory. See *Swenson v. State*, 284 Kan. 931, 938, 169 P.3d 298 (2007).

Jacobs' conclusory contentions on appeal do not show that her lawyer was deficient as trial counsel. She does not argue in this appeal that but for her trial counsel's claimed deficiencies, there was a reasonable probability the outcome of her trial would have been different. In other words, her argument fails to pass the test set out in *Sola-Morales*, 300 Kan. at 882.

When we consider Jacobs' sole claim against her appellate counsel, we see that she alleges counsel failed to file a petition for review. We find this claim unsupported by the record and fails because Jacobs cannot establish any prejudice.

Her appellate counsel withdrew from the case after this court's decision was issued—about two weeks before the deadline to file a petition for review. A different attorney then entered his appearance on November 7, 2016, and filed Jacobs' petition for review on the same day, which was later denied. The party claiming an error occurred has the burden of designating a record that shows prejudicial error. Without such a record, an appellate court presumes the action of the trial court was proper. See *State v. Sisson*, 302 Kan. 123, 128, 351 P.3d 1235 (2015). Simply put, Jacobs has not met her burden of showing prejudice on this point.

To sum up, we find no error by the district court in its summary denial of Jacobs' motion on this point. But we have some concerns about her issue on her rights to a speedy trial.

*We are hampered by a lack of a record.*

In denying Jacobs' motion, the district court found that the continuances requested by the defense were appropriately assessed against Jacobs in calculating the time for her trial date. Jacobs claims she had a constitutional and statutory right to be present at, and participate in, a hearing on "any motion," which she argues included her attorney's requests for continuances. She contends that her counsel's unsanctioned requests for continuances granted by the district court violated her right to a speedy trial. We review such questions de novo. *State v. Mitchell*, 285 Kan. 1070, 1080, 179 P.3d 394 (2008).

The record reveals that Jacobs raised a speedy trial violation in district court. While she did withdraw two companion motions, she did not withdraw her speedy trial motion. The district court then denied that motion "for reasons stated on the record." We can only speculate about what the court's reasons were for denying the speedy trial motion because that transcript is not in the appellate record.

6

Basically, the Kansas statutory speedy trial right is waived if a defendant requests a continuance or files a motion that delays trial beyond the statutory deadline. *State v. Vaughn*, 288 Kan. 140, Syl. ¶ 3, 200 P.3d 446 (2009). But a more recent Supreme Court case gives us pause. In *State v. Brownlee*, 302 Kan. 491, 354 P.3d 525 (2015), a defendant challenged whether time could be counted against him for the purpose of the statutory right to a speedy trial when he did not acquiesce to the continuances his attorney had obtained. The State conceded that the defendant had a right to be present at a hearing on the continuance so he could object. Brownlee did not acquiesce to the continuance in part because he was not present, but also because, as he emphasized:

> "[H]e had filed a pro se motion to protect his right to a speedy trial . . . ; that he had advised defense counsel and the district court that the prospects of securing retained counsel were uncertain; and that he had instructed counsel to schedule the trial at the September 28 hearing." 302 Kan. at 507.

When we seek to apply the principles set out in *Brownlee* to this case, we notice some factual similarities.

*The background of the underlying criminal case shows many continuances.*

In January 2014, the State charged Jacobs with one count of felony theft and one count of fleeing or trying to elude an officer, also a felony. Jacobs posted bond and was ordered to appear at her preliminary hearing. She retained counsel, who requested a continuance of the preliminary hearing. It was set over. The defense subsequently requested and was granted three more continuances before the preliminary hearing was convened. No record was taken of these continuances, but they were noted in the district court's register of actions.

7

At her preliminary hearing, the court found there was probable cause to believe Jacobs committed the crimes with which she was charged and bound her over for jury trial scheduled for July 2014.

On the trial date, the defense requested a continuance, which the court granted and rescheduled the trial in September 2014. The defense subsequently requested and was granted two more continuances before the jury trial was finally convened in December 2014. No record was taken of these continuances, but they were noted in the register of actions. After Jacobs waived her right to a jury trial, the matter was rescheduled for January 2015.

On that January trial date, the defense again requested a continuance, which the district court granted to January 21. Then, on that day, the defense requested and was granted another continuance to March 2015. No record was taken of these continuances, but they were noted in the register of actions.

A little more than a year after these charges were filed against Jacobs, the defense moved to suppress evidence scheduled for hearing on February 27, 2015. On that day, the defense requested and was granted a continuance to hear the motion on the day of Jacobs' bench trial.

Finally, the district court heard Jacobs' motion to suppress at the same time as her bench trial. Jacobs was present, but did not testify. After hearing the testimony, admitting 18 exhibits into evidence, and hearing arguments from the parties, the district court denied Jacobs' motion to suppress and found her guilty of both felony charges.

*Why we think the district court should hold a preliminary hearing.*

As we stated earlier, one of the options for the district court dealing with a motion such as this is to hold a preliminary hearing to determine if a substantial issue exists here. We are concerned about Jacobs' speedy trial rights.

Given the record on appeal that we have, we cannot determine what reasoning the court used in denying her motion on this point. Additionally, we cannot determine if Jacobs was present when all of these continuances of her trial were granted, or if she acquiesced in some way to the delay.

Finally, because the court in *Brownlee* ruled that a 2012 amendment to K.S.A. 22-3402(g) was retroactive, delays that become attributable to the State cannot be used to reverse a conviction unless the delay would result in a constitutional violation or there is prosecutorial misconduct related to this delay. See 302 Kan. at 509-11. Is there prosecutorial misconduct here in delaying Jacobs' trial?  Is this, then, harmless error at most?  A preliminary hearing by the district court should answer these questions. If not, the court may take evidence on the matter.

For these reasons, we affirm the district court's dismissal of Jacobs' motion on ineffective trial and appellate counsel. We remand to the district court for further proceedings concerning Jacobs' rights to a speedy trial.

Affirmed in part and remanded with directions.